# In the United States Court of Federal Claims

No. 24-1660

(Filed: April 28, 2025)

```
*****************************************
DANIEL ANDERSON,                        *
                                        *
               Plaintiff,               *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
               Defendant.               *
*****************************************
```

## REMAND ORDER

On October 15, 2024, Plaintiff Daniel Anderson filed this case against the United States for military disability retirement pay and the correction of his military record, alleging that the Navy acted unlawfully in finding him fit for active duty, separating him for a "condition, not a disability," and depriving him of "the disability retirement pay and benefits to which he is entitled." [ECF 1] at 1, 19. On February 26, 2025, Mr. Anderson filed a motion for judgment on the administrative record, specifically contending that the Navy's Physical Evaluation Board ("PEB") acted arbitrarily, capriciously, unsupported by substantial evidence, and contrary to law because it (1) did not base its decision "on the sole legal standard for determining fitness as required by Department of Defense Instruction ("DoDI") 1332.18 and Secretary of Navy Instruction ("SECNAVINST") 1850.4E," [ECF 13] at 13-14; (2) "failed to follow SECNAVINST 1850.4e by not giving 'significant weight' to the [Non-Medical Assessment] submitted by Mr. Anderson's commander," *id.* at 16; (3) "violated DoDI 1332.18 Section 6.2 by failing to consider medical risk or burden on the Navy to make reasonable requirements," *id.* at 17 (capitalization omitted); and (4) "failed to consider or even grapple with contradictory evidence demonstrating Mr. Anderson's unfitness," *id.* at 19.

Thereafter, on April 24, 2025, the government filed an unopposed motion for a voluntary remand to the Secretary of the Navy Council of Review Boards ("CORB"). [ECF 16]. The government contends that "[a] remand would be in the interests of judicial economy because the CORB's decision potentially could moot this action, in whole or in part, and may obviate the need for further litigation in this Court." *Id.* at 4. The government also states that "[b]ecause the PEB did not fully explain what evidence it did consider or fully address any of the allegedly contrary evidence, the record is unclear whether the Navy considered all of the relevant evidence," and that "[r]emanding the matter would allow the CORB to consider the complete record and expressly evaluate whether Mr. Anderson could have reasonably performed his duties." *Id.* at 5.

For the reasons stated in the unopposed motion, the court agrees that a remand to the CORB is warranted under Rule 52.2 of the Rules of the United States Court of Federal Claims ("RCFC"). Accordingly, pursuant to RCFC 52.2, the Court **GRANTS** the government's unopposed motion for a voluntary remand. This case is remanded as follows:

a. The duration of the remand period shall be 180 days from the Court's remand order. *See* RCFC 52.2(b)(1)(B).

   i. Mr. Anderson shall submit any supplemental information to the CORB within 30 days from the Court's remand order.

   ii. The BCNR shall have the remainder of the 180-day period or 150 days, whichever is greater, after Mr. Anderson submits his supplemental information to render a new decision in the matter.

b. The CORB shall fully consider and address the issues raised in Mr. Anderson's original application, the administrative record, any supplemental information, and additional matters to the extent of the CORB's jurisdiction.

c. The proceedings before this Court **SHALL BE STAYED** during the full remand period. *See* RCFC 52.2(b)(1)(C).

d. The Government **SHALL** submit a status report to this Court, every 90 days following the Court's remand order, on the status of the remand proceedings. *See* RCFC 52.2(b)(1)(D).

e. The parties **SHALL** submit a joint status report with a proposed briefing schedule within 30 days of the issuance of the CORB's decision.

f. The Clerk of Court shall serve a certified copy of this order on the following:

   Jeffrey Riehl, Director
   Department of the Navy
   Secretary of the Navy Council of Review Boards
   720 Kennon Street SE
   Suite 309
   Washington, DC 20374-5023

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge